Davis, P. J.
It was stated on the argument of this appeal that the issues of the case have been tried at special term and viere then under advisement in that court. Under these circumstances it is not advisable that this court should pass upon the question whether or not the contract between the plaintiff and the defendants created a copartnership between them. What additional facts may have been shown bearing upon that question which do not appear to us on this appeal we are not able to see.
One defense to the action set up in the answers of the defendants is that the plaintiff himself was guilty of a breach of the contract in such form and to such an extent as to justify the defendants in refusing to permit him to proceed any further under the contract. If this defense *508 has been established on the trial it may seriously affect the plaintiff’s rights and remedies under the contract, and certainly would show that he had no right to any such injunction order as was given to him by the order now appealed from.
From the papers before us we are satisfied that the injunction order should be modified by striking out that portion of it which enjoins and restrains the defendants from using or “ disposing of the proceeds of sale or consignments of the publications known as the Pictorial Battles of the Civil War and the Naval History of the Civil War, by Admiral Porter, or of the proceeds of any contracts made by the said defendants, or either of them, with agents or canvassers for the sale or disposition of said books, or of the subscriptions taken for said publications, or any part thereof, during the pendency of this action.”
The effect of this part of the order is substantially to arrest the business of the alleged corporation and prevent the defendants from using its proceeds in such business pending this litigation. This goes further than was necessary to protect any of the asserted rights of the plaintiff, and its effect, if enforced, would be to destroy, temporarily at least, the business of the concern, greatly and unnecessarily to the injury of the defendants as well as of the plaintiff himself.
The other portion of the injunction restrains the defendant “from assigning, transferring, selling or disposing of the plates, illustrations and material used for and in the publication of the books, and all the property, assets, books and accounts of the Sherman Publishing Company, and from removing the said plates, illustrations, material, property, assets, books and accounts from the office of the company in the city of New York during the pendency of this action.”
Construing this to mean a sale or disposition of such a character as would terminate the business of the company' by disposing of the means for carrying ifc on, we think that portion of the injunction should be continued until the rights of the respective parties shall‘be determined upon the trial. This would not have the effect to interfere with the business of the company so that it could not proceed to manufacture the books and sell the same and receive the proceeds in the course of such business, and in that view we think it would be correct, and should tie sustained.
The order should be modified as suggested in this opinion, and, as modified, affirmed, without costs to either party.
Brady, J., concurs.